## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| DR. AMY ANDERTON, | § | |
|     **Plaintiff,** | § | |
| | § | |
| **v.** | § | CIVIL ACTION NO. _____ |
| | § | |
| **DALLAS INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | |
|     **Defendant.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES DR. AMY ANDERTON, Plaintiff in the above-styled and numbered cause ("Plaintiff"), and files this, her Original Complaint, complaining of the Dallas Independent School District, ("DISD"), Defendant herein. Plaintiff would respectfully show the Court the following:

### I. PARTIES

1.1    Plaintiff Dr. Amy Anderton is an individual residing in Dallas County, Texas. She has been employed by DISD for the past nine years. She is sixty-year-old heterosexual Caucasian woman.

1.2    Defendant Dallas Independent School District is a public school district organized and existing pursuant to the laws of the State of Texas.  Defendant is a "state actor" within the meaning of applicable law and the actions complained of herein comprise "state action" and were taken under color of law. Defendant may be served by serving its superintendent, Stephanie S. Elizalde, Ed.D., or the president of its board of trustees, Justin Henry.

### II. JURISDICTION AND VENUE

2.1    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367; the Age Discrimination in Employment Act of 1967 (29 U.S.C. §§ 621 *et. seq.*), the provisions of 42 U.S.C. §§ 1981, 1983, and 1988; Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000e

*et seq.*), as well as under the 14th Amendment to the United States Constitution.

2.2.    Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b), as all or part of Plaintiff's claims accrued in Dallas County, Texas, which is within this District and Division.

### III.  FACTUAL BACKGROUND

3.1.    Plaintiff has been an employee of DISD for the past nine years. Her position is Curriculum Director for World Languages. She oversees teachers of languages other than English, and implements new programs and new courses for the twelve foreign languages taught in DISD. With the team she supervises, she also supports students and teachers in obtaining seals of biliteracy and bilingualism, which officially recognize when a student has reached certain levels of competence in more than one language.

3.2    Since early 2023, Plaintiff has been subject to discrimination based on her race (Caucasian), her age (60), and her sexual orientation (heterosexual). Plaintiff previously reported to an executive director, and since July 2023 has reported to one of DISD's two Deputy Chiefs of Academic Services. Plaintiff's previous supervisor, both Deputy Chiefs of Academic Services, and the Chief of Academic Services, are all younger than Plaintiff, and are either LGBTQI and/or African-American.

3.3    Plaintiff and her team have been excluded from meetings, moved into inferior and inconvenient offices, denied necessary furniture, and lied to about orders for furniture. DISD has created and allowed a hostile work environment, intended to force Plaintiff to retire or quit. At sixty years of age, she is at least five years older than all of her supervisors, who favor younger employees. Plaintiff's supervisor treats her with condescension, permits other, African-American staff to target Plaintiff for ill-treatment, and treats younger employees, African-American

employees, and LGBTQI employees more favorably than Plaintiff. Plaintiff planned, and still hopes, to continue working in the DISD for at least five more years. With five more years in the district, Plaintiff will more than double the monthly retirement payment for which she will be eligible at age 65.

3.4    In late September 2023, Defendant DISD informed Plaintiff that she was being put on administrative leave. On November 17, 2023, Plaintiff was informed by telephone that the process of termination had begun, based on unspecified alleged policy violations. She was informed that she would receive an email officially informing her of her termination, after which she would have fifteen days to file a grievance. Plaintiff has not yet received such email.

3.5    Also in the telephone call of November 17, 2023, Plaintiff was told that she would be contacted to set up a meeting to discuss the termination process (at which she would not be allowed to be represented by counsel). Plaintiff has not yet been contacted to set up such meeting.

3.6    After making several requests, Plaintiff finally – at the end of November – received a memo dated November 7, 2023, setting forth the results of an investigation by DISD's Professional Standards Office, which appears to be DISD's pretextual reason for her termination.

3.7    DISD's investigation purported to determine that in visiting campuses in the district, and looking in on foreign language classes or students who might benefit from programs offered by Plaintiff's team, Plaintiff had improperly met with two students. The two students were brothers, non-native speakers of English, and new to the district, having previously been homeschooled. Plaintiff knew them because she is a close family friend of their parents. She was concerned about them on a personal level, but she also had reasons related to her district position for visiting their campuses.

3.8    DISD has further informed Plaintiff that a report to SBEC would be made, endangering Plaintiff's teaching credentials.

3.9    DISD's grounds for threatening Plaintiff's job and teaching credentials are pretextual; in reality, Plaintiff is being threatened with termination based on her age, race, and sexual orientation.

## IV.  <u>CAUSES OF ACTION</u>

*Alternative Pleadings*.  To the extent necessary, each of the claims set forth below is pleaded in the alternative.

### A.    Federal and State Law Discrimination Claims

4.1    All factual allegations set forth above or below are incorporated herein by this reference. Based on same, Plaintiff sues for discrimination based on her race, pursuant to 42 U.S.C § 1981 and the Fourteenth Amendment to the United States Constitution. Plaintiff is not required to exhaust any administrative remedies before bringing this cause of action for racial discrimination.

4.2    Further, Plaintiff has timely dual-filed a charge of discrimination in employment against DISD, in administrative proceedings with the Texas Workforce Commission Civil Rights Division and the Equal Employment Opportunity Commission, in which she has asserted that she was treated in a disparate and discriminatory manner due to her race (Caucasian), her age (sixty), and her sexual orientation (heterosexual)., in violation of federal and state law, including Title VII of the 1964 Civil Rights Act, the ADEA (Age Discrimination in Employment Act of 1967), and the Texas Labor Code.  Once she has exhausted his administrative remedies with respect to her state and federal law discrimination claims, upon receipt of her right to sue letter(s), from the Texas Workforce Commission and/or from the EEOC, Plaintiff will seek leave to amend this Complaint

to add her claim for discrimination by DISD under Title VII, the ADEA, and/or the Texas Labor Code. The conduct of DISD in creating a hostile work environment, favoring African-American employees, employees under 55, and employees who are LGBTQI over Plaintiff, and now informing Plaintiff that she will be terminated, has caused Plaintiff damages for which she now sues, or will amend this Complaint to add.

**B.    Violation of 42 U.S.C. § 1983 – Denial of Procedural Due Process**

4.3    All factual allegations set forth above or below are incorporated herein by this reference. 42 U.S.C. § 1983 prohibits Defendant from depriving Plaintiff of her rights, privileges, and/or immunities secured under the United States Constitution.  Defendant's policies, as written and/or as applied to Plaintiff, resulted in deprivation of Plaintiff's property interest in her employment and her liberty interests in free speech and freedom from discrimination, without due process.  Such wrongful conduct was caused by policymakers of Defendant, including its Superintendent, and such conduct was sanctioned, through action and/or inaction, by Defendant's Board of Trustees, the Superintendent, and others, all singularly or collectively acting as policymakers for Defendant in this case.

4.4    As set forth above, Defendant deprived and/or improperly diminished Plaintiff's right to procedural and substantive due process, as secured by the Fifth and Fourteenth Amendments to the United States Constitution.  Plaintiff's claims under § 1983 do not require any exhaustion of administrative remedies.

4.5    Defendant violated Plaintiff's right to procedural due process by informing that she will be terminated based on conduct she had no notice was a violation of policy, and certainly had no notice that it was a terminable offense. During the same timeframe that Plaintiff dropped in on the campuses of the two students in question, the Chief of Academic Services told the deputy

chiefs and all directors, including Plaintiff, that they needed to be out of their offices, in the schools, providing services and being a touch point for the campuses they served. These campus visits did not require appointments.

4.6    Moreover, Plaintiff believed that she was permitted to speak with students generally, having done so many times in the past. She had no notice that she was forbidden to speak with these particular students, so long as she preserved their privacy. She had no prior notice that she might be terminated for this conduct, and DISD's termination of without such prior notice is a denial of due process, in violation of the Fourteenth Amendment.

4.7    Plaintiff had a reasonable expectation that her employment would not be terminated for the reasons set forth in the investigative report she was given. The investigative report contains factual inaccuracies, which she has not been permitted to refute, nor given any opportunity defend against by those making decisions regarding her employment.

4.8    Additionally or alternatively, Defendant violated Plaintiff's right to procedural due process by failing and/or refusing to provide Plaintiff with a full due process hearing prior to her termination, depriving and/or improperly diminishing (1) Plaintiff's protected property interest in her ongoing employment, her performance thereof, and her rights thereunder, and (2) Plaintiff's liberty interest in freedom of speech and freedom from discrimination. Defendant impinged, deprived, and/or improperly diminished all of Plaintiff's foregoing protected interest and freedoms without due process of law.

4.9    Additionally or alternatively, Defendant violated Plaintiff's right to procedural due process by preventing her any meaningful opportunity to be heard. Defendant failed and/or refused to provide Plaintiff with the minimal procedural due process and/or the procedural redress system incorporated into its policies, procedures, guidelines, rules, practices and/or regulations,

effectively denying Plaintiff the due process rights to which she was entitled, thus, violating her right to procedural due process guaranteed by the United States Constitution. She was specifically informed that she could file a grievance but that it would not prevent her termination.

4.10    In the alternative, Defendant's actions and/or conduct further constitute a deprivation of due process, as each and all of the above acts and/or omissions were made in recognition of, as a part of, and/or as a result of the policies, practices, and/or customs of Defendant, created by or through policymakers and/or persons to whom Defendant effectively delegated policymaking authority.

### C.    Violation of 42 U.S.C. § 1983 – Denial of Substantive Due Process

4.11    Additionally, Plaintiff asserts a claim against Defendant for violation of substantive due process for Defendant's arbitrary, capricious, unreasonable, and/or irrational actions taken against her, as set forth in detail above. Additionally or alternatively, Plaintiff has been deprived of her protected and fundamental property rights without due process of law in an arbitrary, capricious, unreasonable, and/or irrational manner.

4.12    Defendant's conduct constitutes violations of Plaintiff's rights to procedural and substantive due process. As a result of Defendant's conduct, Plaintiff has been injured and/or damaged. Accordingly, Plaintiff seeks to recover her damages from Defendant, including, without limitation, loss of income and benefits, mental anguish and nominal damages, and to recover any and all other remedies afforded and/or available under law and/or in equity, including but not limited to injunctive relief, equitable relief, and her attorneys' fees and costs.

### D.    Violation of 42 U.S.C. § 1983 – First Amendment - Free Speech

4.13    All factual allegations set forth above are incorporated herein by this reference. As set forth above, Plaintiff exercised her protected right to free speech by speaking with two students.

Although Plaintiff was performing her job duties at the time she spoke to the students, Defendant DISD has accused her of determining the students' schedules "in part for a personal purpose," and for using "her District assignment" to locate and meet with the students "for non district purposes." If Defendant contends that Plaintiff's contact with the two students, both of whom are children of her close friends, was outside the performance of her job duties, then such contact was protected First Amendment speech.

4.14    Based on Defendant's allegation that her conversations with the two students were "for non district purposes," Defendant's announced intent to terminate Plaintiff based on such contact violates her First Amendment rights, infringing her free speech.

4.15    Plaintiff has been damaged as a direct and proximate result of this wrongful conduct by Defendant.

## V.  DAMAGES

5.1    As set forth above, Plaintiff seeks her damages herein, to which she is entitled under federal statute, including loss of income and benefits, damage to her reputation, mental anguish, nominal damages, as well as attorneys' fees.

## VI.  ATTORNEYS' FEES AND COSTS

6.1    Plaintiff has retained the law firm of Hill Gilstrap, P.C. to represent her in connection with this matter, and has agreed to pay the firm reasonable and necessary attorneys' fees.  In addition to and without waiving and/or limiting any other relief requested in this Complaint, Plaintiff seeks, to the extent permitted by applicable law, including but not limited to 42 U.S.C. Section 1988, her reasonable attorneys' fees and costs to be incurred herein, in such amount as is equitable and just.

## VII.  JURY DEMAND

7.1     Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiff requests trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and that, upon final hearing, Plaintiff recover judgment against Defendant for the relief set forth below:

a.  Any and all amounts recoverable and/recognizable as damages and/or nominal damages;

b.  Litigation expenses and costs, including but not limited to her reasonable and necessary attorneys' fees;

c.  Pre-judgment and post-judgment interest, at the maximum rate allowed by law; and

d.  Such other and further relief, whether general or special, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

*/s/ Frank Hill*
Frank Hill – State Bar No. 09632000
fhill@hillgilstrap.com
Stefanie M. Klein – State Bar No. 11565650
sklein@hillgilstrap.com
Anne Michels – State Bar No. 18863600
amichels@hillgilstrap.com

**HILL GILSTRAP, P.C.**
1400 West Abram Street
Arlington, Texas 76013
Telephone:     817-261-2222
Facsimile:     817-961-4685

**ATTORNEYS FOR PLAINTIFF**