IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DR. AMY ANDERTON,                    §
                                     §
              Plaintiff,             §
                                     §
VS.                                  §    Civil Action No. 3:23-CV-2696-D
                                     §
DALLAS INDEPENDENT SCHOOL            §
DISTRICT,                            §
                                     §
              Defendant.             §

MEMORANDUM OPINION
AND ORDER

Plaintiff Amy Anderton, Ph.D. ("Dr. Anderton") sues her former employer, Dallas

Independent School District ("DISD"), alleging claims for race discrimination under Title

VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and age

discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29

U.S.C. § 621 *et seq.* DISD moves for summary judgment as to all of Dr. Anderton's claims.

Concluding that there are no genuine issues of material fact and that DISD is entitled to

judgment as a matter of law, the court grants DISD's motion and dismisses this action with

prejudice by judgment filed today.

I

Dr. Anderton is a 60-year-old[1] White female whom DISD hired to be the director of its World Languages Department.[2]  In September 2023 Dr. Anderton used district resources to locate two students and met with these students while visiting district campuses.[3]  The two students were siblings who resided in a foster home under the custody of the Texas Department of Family and Protective Services ("CPS").  Dr. Anderton was personally acquainted with the students' biological parents.  While meeting with one of the students, Dr. Anderton provided him a cell phone to use to speak with his biological parents.  CPS had instructed the students that they were not permitted to speak with their biological parents without CPS supervision.

The students' foster mother reported Dr. Anderton's conduct to DISD.  DISD's Professional Standards Office ("PSO") initiated an investigation into her conduct.  The investigation was led by Chris Lyle ("Lyle"), who prepared the Report of Investigation ("ROI") that was forwarded to the DISD Employee Relations Department.  The ROI determined that Dr. Anderton had violated DISD policies by using her position and DISD

---

[1]This is her age at the time of the events in question.  *See* 3d Am. Compl. (ECF No. 36) ¶ 3.2.

[2]In deciding DISD's summary judgment motion, the court views the evidence in the light most favorable to Dr. Anderton as the summary judgment nonmovant and draws all reasonable inferences in her favor.  *See, e.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

[3]For example, Dr. Anderton accessed a district database to pull the students' class schedules.

resources to visit the two students for personal purposes.

The Employee Relations Department forwarded the ROI to Dr. Elena Hill ("Dr. Hill"), who was Dr. Anderton's immediate supervisor. Dr. Hill, in turn, forwarded the ROI to the DISD Legal Review Committee ("LRC") with the recommendation that Dr. Anderton be terminated. After conducting its own independent review of the ROI and other materials, the LRC voted to terminate Dr. Anderton's employment with the district. In December 2023 DISD notified Dr. Anderton of the decision to terminate her.

Following her termination, Dr. Anderton's duties were temporarily assigned to a coworker. Then, in early 2024, DISD underwent a restructuring that eliminated Dr. Anderton's position and created a new Electives and Enrichment Department, which absorbed the World Languages Department. DISD not only eliminated Dr. Anderton's position: in total, seven director positions were consolidated into three new positions. Lisa Whitaker, Ph.D. ("Dr. Whitaker"), a 45-year-old Black female, applied for and received one of the three new positions: Director of the Electives and Enrichment Department.

Dr. Anderton filed this lawsuit, alleging a race discrimination claim under Title VII and an age discrimination claim under the ADEA. DISD moves for summary judgment on all of Dr. Anderton's claims.[4] Dr. Anderton opposes the motion. The court has heard oral argument.

---

[4]In its summary judgment motion, DISD addressed the possibility that Dr. Anderton was asserting a hostile work environment claim. At oral argument, however, Dr. Anderton's counsel confirmed that she is not alleging such a claim.

II

When a summary judgment movant will not have the burden of proof on a claim at trial, it can obtain summary judgment by pointing to the absence of evidence on any essential element of the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the nonmovant must go beyond her pleadings and designate specific facts to demonstrate that there is a genuine issue of material fact for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element renders all other facts immaterial. *TruGreen LandCare, L.L.C. v. Scott*, 512 F.Supp. 2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

III

The court begins by addressing a deficiency that runs throughout Dr. Anderton's briefing: her failure to adequately cite the record when making assertions about the summary judgment evidence.

"It is well settled that the court is not obligated to comb the record in search of evidence that will permit a nonmovant to survive summary judgment." *Arrieta v. Yellow Transp., Inc.*, 2009 WL 129731, at *2 n.3 (N.D. Tex. Jan. 20, 2009) (Fitzwater, C.J.) (citing *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir.2006)), *aff'd sub nom.*

- 4 -

*Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644 (5th Cir. 2012). "Rule 56 does not impose a duty on the district court to sift through the record in search of evidence to support a party's opposition to summary judgment." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir.1996) (citing *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir.1996)). When pressed at oral argument, Dr. Anderton's counsel (to her credit) candidly acknowledged that Dr. Anderton's response brief scarcely cited the record. This alone would entitle DISD to summary judgment in the context of this case.[5] *See Evanston Ins. Co. v. Consol. Salvage, Inc.*, 2018 WL 5980496, at *2 (N.D. Tex. Nov. 14, 2018) (Fitzwater, J.) (concluding that defendant was entitled to summary judgment because plaintiff failed to offer or cite to evidence); *Partida Aranda v. YRC Inc.*, 2019 WL 2357528, at *6 (N.D. Tex. June 4, 2019) (Fitzwater, J.) ("[P]laintiffs' failure to . . . cite evidence on this point is dispositive."). The court, however, will proceed to the merits.

IV

The court will consider together Dr. Anderton's claims for race discrimination under Title VII and age discrimination under the ADEA.

It is unlawful under the ADEA "to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). Title VII makes it unlawful for an employer to discriminate against an employee on the basis, *inter alia*, of her race. 42 U.S.C.

---

[5]The court is not referring to a so-called "default" summary judgment—which is impermissible—but to the failure of the nonmovant to cite evidence that would enable a reasonable trier of fact to find in her favor.

§ 2000e-2(a)(1). Because Dr. Anderton does not offer direct evidence of discrimination, she must proceed under the familiar *McDonnell Douglas*[6] burden-shifting framework. *See, e.g.*, *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 n.2 (5th Cir. 2002) ("This circuit applies the *McDonnell Douglas* rubric to both Title VII and ADEA claims.").

The *McDonnell Douglas* framework consists of three stages. First, Dr. Anderton must establish a prima facie case of discrimination, which "creates a presumption that [DISD] unlawfully discriminated against [her]." *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 254 (1981). To establish a prima facie case of discrimination under Title VII, Dr. Anderton must show that she

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group.

*Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (citation omitted). To establish a prima facie case of age discrimination under the ADEA, Dr. Anderton must demonstrate that

> (1) she was within the protected class (*i.e.*, she was over 40 years old) at the time of the challenged action; (2) she was qualified for the position; (3) the defendant discharged, refused to hire, or otherwise discriminated against her; and (4) (i) she was replaced by someone outside the protected class, (ii) she was replaced by someone younger, or (iii) the discharge, refusal to hire, or other discrimination was otherwise because of her age.

---

[6]*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

*Anderton v. Dall. Indep. Sch. Dist.*, 2024 WL 3687101, at *5 (N.D. Tex. Aug. 6, 2024) (Fitzwater, J.) (citing *Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 321-22 (5th Cir. 2021)).

Second, if Dr. Anderton establishes a prima facie case, the burden shifts to DISD to articulate a legitimate, nondiscriminatory reason for the employment action taken against her. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07 (1993). DISD's burden is one of production, not proof, and involves no credibility assessments. *See, e.g.*, *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 385 (5th Cir. 2003).

Third, if DISD meets its production burden, "the presumption of discrimination created by [Dr. Anderton's] prima facie case disappears," *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005), *overruled on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009), and "the burden shifts back to [Dr. Anderton] to make an ultimate showing of intentional discrimination." *Campbell v. Zayo Grp., LLC*, 2015 WL 3903539, at *3 (N.D. Tex. June 25, 2015) (Fitzwater, J.) (quoting *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012). For her Title VII claim, Dr. Anderton must prove either that (1) "[DISD's] proffered reason is not true but is instead a pretext for discrimination" (pretext analysis) or (2) "[DISD's] reason, while true, is not the only reason for its conduct, and another 'motivating factor' is [Dr. Anderton's] protected characteristic" (mixed-motive analysis). *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (citing *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)). Under the ADEA, however, Dr. Anderton "must 'prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.'"

*Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015) (quoting *Squyres v. Heico Cos*., 782 F.3d 224, 231 (5th Cir. 2015)).  "The ADEA thus requires a showing of 'but-for' causation."  *Id.* at 475 (citing *Squyres*, 782 F.3d at 231).  At the summary judgment stage, of course, Dr. Anderton is only obligated to raise a genuine issue of material fact regarding pretext.  *See, e.g.*, *Jackson v. Fed. Express Corp.*, 2006 WL 680471, at *6 (N.D. Tex. Mar. 14, 2006) (Fitzwater, J.).

V

DISD contends that Dr. Anderton has failed to establish a prima facie case of race or age discrimination because she is unable to show that she was replaced by someone outside her protected group or was treated less favorably than other similarly situated employees outside her protected group.

A

Dr. Anderton has failed to establish that she was replaced by someone outside her protected group.  Following Dr. Anderton's termination, DISD eliminated her position, along with six other director positions.  DISD consolidated the seven eliminated director positions into three new positions.  Dr. Whitaker applied for and received one of the new positions. "[A] terminated employee has not been 'replaced' when [her] position is eliminated and [her] former duties are distributed among other co-workers."  *Rexses v. The Goodyear Tire & Rubber Co.*, 401 Fed. Appx. 866, 868 (5th Cir. 2010) (per curiam) (citing *Dulin v. Dover Elevator Co.*, 139 F.3d 898 (5th Cir.1998)); *see Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 339-40 (5th Cir. 2021) (concluding the same in Title VII context).  Because Dr. Anderton's

position was eliminated and her duties were distributed among the new positions that DISD created, she has failed to show that Dr. Whitaker replaced her. *See Rexses*, 401 Fed. Appx. at 868; *Ernst*, 1 F.4th at 339-40.

B

Dr. Anderton is also unable to produce evidence that she was treated less favorably than other similarly situated employees outside her protected group. "[F]or employees to be similarly situated those employees' circumstances, including their misconduct, must have been 'nearly identical.'" *Perez v. Tex. Dep't of Crim. Just.*, 395 F.3d 206, 213 (5th Cir. 2004) (citing *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir.1991)); *see Berquist v. Washington Mut. Bank*, 500 F.3d 344, 353 (5th Cir. 2007) (concluding the same in ADEA context). Dr. Anderton has not identified any non-White or younger employee whose circumstances were similar to hers and who engaged in nearly identical misconduct yet was treated more favorably. Accordingly, Dr. Anderton has failed to establish a prima facie case of race or age discrimination. *See, e.g.*, *Paske v. Fitzgerald*, 785 F.3d 977, 985 (5th Cir. 2015) (affirming dismissal where plaintiff "failed to adduce evidence that a comparator was treated more favorably under nearly identical circumstances"); *Long v. City of Llano*, 2025 WL 655800, at *4 (5th Cir. Feb. 28, 2025) (per curiam) (affirming dismissal where plaintiff failed to show "that similarly situated younger employees were treated more favorably than he was"); *Chambers v. Joseph T. Ryerson & Son, Inc.*, 2007 WL 1944346, at *9, 11 (N.D. Tex. July 2, 2007) (Fitzwater, J.) (concluding that plaintiff failed to establish prima facie case

where he failed to identify comparator who engaged in nearly identical misconduct).[7]

## VI

Although it is not necessary for the court to proceed to the next step in the *McDonnell Douglas* framework, Dr. Anderton's claims fail even if the court assumes that she is able to establish a prima facie case of race or age discrimination. *See, e.g.*, *Barnard v. L-3 Commc'ns Integrated Sys. L.P.*, 2017 WL 3726764, at *8 (N.D. Tex. Aug. 30, 2017) (Fitzwater, J.) (assuming *arguendo* that plaintiff had established prima facie case where plaintiff failed to meet her burden to create genuine issue of material fact on issue of pretext). The burden would shift to DISD to articulate a legitimate, nondiscriminatory reason for Dr. Anderton's termination.

## VII

DISD has met this burden by producing evidence that it terminated Dr. Anderton because she violated district policies. *See, e.g.*, *Ross*, 993 F.3d at 324.

## VIII

Because DISD has met its burden of production, the burden now shifts back to Dr. Anderton to produce evidence that would enable a reasonable jury to find, for her age

---

[7]In the context of her ADEA prima facie case, Dr. Anderton has also failed to adduce evidence that she was otherwise discharged because of her age. In her response brief, she merely offers her own subjective belief that "her supervisors wished to get rid of her based on her age and race[.]" P. Resp. (ECF No. 60) 4. This is insufficient to survive summary judgment. *See Rexses*, 401 Fed. App. at 869 ("The district court properly rejected [the ADEA] claim because [plaintiff] presented no evidence apart from his own subjective beliefs.").

discrimination claim, that age was the but-for cause for her termination, and, for her Title VII claim, either that DISD's proffered reason was pretextual or that Dr. Anderton's race was a motivating factor for her termination.

In her summary judgment response, Dr. Anderton contends that "DISD's narrative" regarding what "[she] did" to get terminated and "why she did it" raises "material questions of fact that preclude summary judgment." P. Resp. (ECF No. 60) 7. For example, Dr. Anderton maintains that a review of the evidence "raises questions of material fact as to whether [her] actions were as nefarious as DISD" portrays them and that DISD's allegations that she violated district policy because of her use of "District resources and her position for personal advantage and [her] ethical conduct towards students" are "confusing and vague." *Id.* (internal quotation marks omitted).

The court concludes that Dr. Anderton has not produced sufficient evidence for a reasonable trier of fact to find that DISD's proffered reason for her termination was pretextual; that DISD was motivated, in part, by her race; or that she would not have been terminated but for her age. "[U]nder the *McDonnell Douglas* framework, a plaintiff cannot prove that an employer's proffered reason is pretextual merely by disputing the truth of the underlying facts for that reason." *Haverda v. Hays County*, 723 F.3d 586, 596 n.1 (5th Cir. 2013); *see also Kitchen v. BASF*, 952 F.3d 247, 253 (5th Cir. 2020) (explaining that pretext inquiry focuses on whether defendant "reasonably believed its non-discriminatory reason for discharging [the plaintiff] and then acted on that basis"). Here, Dr. Anderton merely disputes the facts underlying her termination. She has failed to provide any evidence that DISD did

not reasonably believe its non-discriminatory reason for discharging her. Without "evidence to suggest that [DISD] used this incident as cover for a motivation to terminate [Dr. Anderton] for her age [or race], no reasonable jury could infer pretext." *Moore v. Macy's Retail Holdings, Inc.*, 2019 WL 1979363, at *2 (N.D. Tex. May 3, 2019) (Godbey, J.). Accordingly, the court grants DISD's motion for summary judgment and dismisses Dr. Anderton's discrimination claims under Title VII and the ADEA. *See, e.g.*, *Schell v. Companion Data Servs., LLC*, 2019 WL 4536175, at *9-10 (N.D. Tex. Sept. 19, 2019) (Fitzwater, J.) (dismissing age and gender discrimination claims where plaintiff "merely dispute[d]" facts underlying termination).

The summary judgment record in this case would only permit the following conclusions: Dr. Anderton misused her position and DISD resources to gain access at two DISD campuses to two minors who were not her students and were in CPS custody; the DISD PSO conducted an investigation, led by Lyle, and issued an ROI that was forwarded to the Employee Relations Department; that department, in turn, provided it to Dr. Hill, who recommended that Dr. Anderton be terminated; the ROI was provided to the LRC, which conducted an independent review and decided that Dr. Anderton should be terminated. There is simply no evidence that the multi-levels of review of Dr. Anderton's conduct that preceded her termination were in any way influenced by her race or age.

*    *    *

For the reasons explained, the court grants DISD's motion for summary judgment and dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

November 18, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 13 -